Stanley DAVIDSON, Plaintiff,

v.

OILFIELD MAINTENANCE COMPA-
NY, Inc., et al., Defendants-
Appellees,

MAYRONNE DRILLING COMPANY et
al., Defendants and Third Party
Plaintiffs-Appellants.

No. 28198

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1970.

H. Lee Leonard, Voorhies, Labbe, Fontenot, Leonard & McGlasson, Lafayette, La., Edward de la Garza, New Orleans, La., for Mayronne Drilling Co. and others.

Raymond M. Allen, V. Farley Sonnier, Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for third-party defendants-appellees.

Joseph A. Koury, Richard R. Kennedy, Lafayette, La., for other interested parties.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I, and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [October 7, 1969].

Plaintiff, Stanley Davidson, originally sued his employer, Oil Field Maintenance Company, and its insurer, The Travelers Insurance Company, under the Jones Act, the general maritime law, for

unseaworthiness, maritime tort and workmen's compensation benefits.

The facts concerning the accident are briefly as follows: Humble owned a platform situated in the Gulf of Mexico beyond one marine league from the Louisiana coastline. Humble entered into a written contract with Mayronne Drilling Company for the drilling of a well on the platform with the stipulation that Mayronne furnish the drilling rig. In order to erect its rig on the platform, Mayronne orally contracted with Oil Field Maintenance Company, a rig building specialist, to assemble the rig. During the course of that work an employee of Oil Field, Stanley Davidson, was injured when he allegedly tripped or was "overcome" by the fumes of several welding machines causing him to fall and suffer certain injuries.

After a showing that the plaintiff was employed on a fixed drilling platform and was not the member of a crew of any vessel the district court granted a summary judgment dismissing Oil Field Maintenance Company and The Travelers Insurance Company. At approximately the same time the plaintiff amended to assert a maritime tort claim against Humble and Mayronne. Travelers intervened in that action for recovery of its compensation payments made to the plaintiff under the Longshoremen's and Harborworkers' Compensation Act.

Thereafter, on February 3, 1969, Humble and Mayronne filed a third party petition attempting to bring Oil Field Maintenance Company and Travelers back into the lawsuit as third party defendants. Oil Field Maintenance Company filed a motion to dismiss the third party complaint which the district court granted. Subsequently, shortly before the trial of the case, a settlement was reached between Davidson and Humble and Mayronne wherein the latter paid Davidson the sum of $13,000.00 out of which Davidson reimbursed the compensation intervenor. Mayronne and Humble have appealed the granting of the court's dismissal of the third party action.

Since the precise issue presented in this case has been determined adversely to the third party appellants in Loffland Brothers Co. v. Roberts, 5 Cir. 1967, 386 F.2d 540 and Ocean Drilling and Exploration Company v. Berry Brothers Oil Field Service, Inc, 5 Cir. 1967, 377 F.2d 511, we affirm the district court's dismissal of the third party complaint.

Affirmed.